No. 13,861.

THE STATE vs. E. B. WALKER.

SYLLABUS.

The title of Act No. 35, of 1900, is both inadequate and misleading, and fails to express the object of any provision in the act which is susceptible of independent enforcement. The act, therefore, contravenes Article 31 of the Constitution, and is void.

APPEAL from Second City Criminal Court, City of New Orleans— *Aucoin, J.*

*Walter Guion,* Attorney General, and *J. Ward Gurley,* District At-

torney, (*Lewis Guion* and *George B. Smart,* of counsel), for Plaintiff, Appellant.

*Dinkelspiel & Hart,* for Defendant, Appellee.

The opinion of the court was delivered by

MONROE, J. This is an appeal, by the State, from a judgment in favor of the defendant, on a motion to quash based upon the alleged unconstitutionality of Act No. 35 of ·1900.

It was charged by affidavit, "That during the month of January 1901, in the parish of Orleans, aforesaid, and within the jurisdiction of the Second City Criminal Court, one E. B. Walker did, then and there, wilfully and unlawfully violate section 1st of the Act 35 of 1900, relative to trading stamps, contrary to the form of the statute", etc. And thereupon the defendant, through his counsel, moved to quash said affidavit and set aside the proceedings against him, on the grounds:

1. That Act No. 35 of 1900 violates Article 31 of the Constitution of the State, in that it embraces more than one object, and said objects are not expressed in the title.

·2. That said act violates Article 48 of said Constitution, in that it attempts to regulate business and trade.

3. That it violates Article 2 of said Constitution, and the 14th Amendment to the Constitution of the United States, in that it prohibits freedom of contract, denies the equal protection of the laws to all persons, and thus deprives certain persons, including the defendant, of liberty and property without due process of law. The act in question reads as follows, to-wit:

"AN ACT

"Making it a misdeameanor to issue trading stamps or other devices.

"Section 1. Be it enacted by the General Assembly of the State of Louisiana; that any person, or persons, who shall: "First; Issue trading stamps, or other devices, to any person engaged in any trade, business, or profession, with the promise, express or implied, that he will give to the person presenting to him such stamp, or stamps, money, or anything of value, without receiving from such person the value thereof, or make to any such person any concession, or preference, in any way, on account of the presentation of such trading stamps, or other devices; or,

"Second; Being engaged in any trade, business, or profession, shall distribute, or present, to any person dealing with him any such trading stamp or other devices, in consideration of any article purchased of, or any service performed by, him, shall be guilty of a misdemeanor, and, upon conviction, shall be fined, not more than one hundred dollars, or be imprisoned, in the parish jail, for not more than six months, or both, at the discretion of the court.

"Section 2. Be it further enacted ,etc., It shall not be unlawful for any merchant, or manufacturer, to place his own tickets, coupons, or other vouchers in, or upon, packages of goods sold, or manufactured, by him. Such tickets, coupons, or other vouchers, to be redeemed by such merchant, or manufacturer, either in money, or mechandise, whether such packages are sold directly to the consumer, or through retail merchants; this exception to apply also to newspapers. Nor shall it be unlawful for any persons to issue, with such packages, tickets, coupons, or other vouchers so issued by such merchant or manufacturer. Provided that this act shall not apply to tickets, coupons, checks, or other devices, issued to laborers or other employees, for services rendered. Any person violating any of the provisions of this act shall be guilty of a misdemeanor, and, upon conviction, shall be fined, not more than one hundred dollars, or be imprisoned, in the parish jail, for not more than six months, or both, at the discretion of the court."

"Section 3. This act shall take effect from and after January 1, 1901."

It will be observed that the first paragraph of the first section of this act applies to persons, whomsoever they may be, who issue trading stamps or other devices, etc., and the offence, (if it can be so considered), which is there denounced, is the *issuance,* etc., of such stamps or devices; and that the second paragraph of said section applies exclusively to persons, engaged in business, or professions, who, after such stamps, etc., have been issued, *distribute* them in consideration of purchases made of, or services rendered to, them; whilst the second section of the act exempts from the penalties denounced by the first:—merchants, or manufacturers, who issue *and* distribute their "own tickets, coupons, or other vouchers, in, or upon, packages of goods sold, or manufactured, by them";—retailers, who distribute, presumably with the packages bought by them, the "tickets, coupons, or other vouchers" so issued and distributed by the merchants and manufacturers;—employers who issue tickets, etc., to their employes, for services rendered;—

and newspapers, which enjoy the exemption accorded to merchants and manufacturers.

The general subject legislated upon, it may be said, is the issuance, and the distribution, after the issuance, of trading stamps and other devices; and the object, aim, or purpose, of the legislation is to regulate and, in part, suppress, such issuance and *distribution,* by the imposition of certain penalties.

But, from the title of the statute which we are considering, it would appear that it has no other object than to prohibit under penalty, the issuance of such stamps, etc., although, by the terms of the text, it is made a distinct offence to distribute them. It seems clear, therefore, that, whilst it might be considered that the different provisions of the said statute were adopted with a view to the accomplishment of one object, that object has not been expressed in the title. It is contended, however, on behalf of the State, that the title is sufficient to maintain the constitutionality of so much of the act as may fairly be embraced within its meaning—the argument being, that those provisions to which the title applies are susceptible of enforcement independently of the others, and hence that, *quoad* such provisions, the act should be upheld. There is no doubt that this doctrine finds support in more than one of the decisions of this court. Williams vs. Payson, 14 Ann. 7; State vs. Exnicios, 33 Ann. 253; State vs. Crowley *et als.,* 33 Ann. 782; State *ex rel.* Mouton vs. Judge, 49 Ann. 1535. But this case does not fall within it. The title of the act in question here indicates that the act, itself, is a general, criminal, statute, applicable to all persons, without distinction as to classes or occupations; but there are no corresponding provisions in the text. It is true that, by the first paragraph of Section 1, considered apart from the rest of the act, the penalty for issuing the stamps, etc., "to any person engaged in any trade, business or profession, with the promise", etc., is imposed upon everybody alike, but this provision is so modified by Section 2, that a merchant or manufacturer may issue as many stamps as he chooses, by placing them in, or on, the packages of goods manufactured or sold by him, and any person who buys such packages may dispose of them, and of the merchant's, or manufacturer's tickets, coupons, or vouchers, accompanying them, as he thinks proper; but there is no such exception in favor of persons engaged in trades and professions, or of the public at large. And whilst the merchant or manufacturer who sells a box of matches, or a yellow envelope, may issue his stamps *ad libitum,* by placing them in, or on,

such box or envelope, he is guilty of a misdemeanor, if he should de-
liver them to his customer in a separate package.

This appears to us to be a discrimination between merchants and
manufacturers and other people, and between such merchants and man-
ufacturers, *inter sese,* with respect to their manner of conducting busi-
ness, of which the title of the act affords no hint or suggestion. The
title, therefore, even as applied to the particular provisions to which it
is proposed to confine it, is not only inadequate, but misleading. The
other propositions upon which the motion to quash was predicated are
strongly supported, but they need not be considered at this time.

Judgment affirmed.

PROVOSTY, J., takes no part.